UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

'03 SEP 11 PM 1:02

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| NELSON BROTHERS, LLC., | ] | |
| Plaintiff, | ] | |
| vs. | ] | |
| CHEROKEE NITROGEN, | ] | |
| Defendant and Third-Party Plaintiff, | ] | CV-03-CO-1027-NW |
| vs. | ] | |
| DYNEGY MARKETING & TRADE, et al., | ] | |
| Third-Party Defendants. | ] | |



ENTERED
SEP 1 1 2003

MEMORANDUM OF OPINION

1.  Introduction.

Presently before the court is a Motion to Dismiss filed by Dynegy, Inc., on May 12, 2003 [Doc. # 5]. In addition, the following motions are pending before the court: Motion to Remand filed by Nelson Brothers, LLC., [Doc. # 15]; Motion to Remand filed by Cherokee Nitrogen [Doc. # 16]; Motion to Stay filed by Cherokee Nitrogen [Doc. # 17]; Motion to Stay and/or Sever filed by Dynegy, Inc., [Doc. # 21]; and Motion to Strike filed by Dynegy, Inc., [Doc. # 29]. The issues raised in the various motions have been sufficiently briefed by the parties and are now ripe for decision.

II. Factual Summary.

On April 2, 2003, Plaintiff, Nelson Brothers, LLC., (hereinafter "Nelson"), filed a complaint in the Circuit Court of Colbert County, Alabama, against Defendant/Third-Party Plaintiff, Cherokee Nitrogen (hereinafter "Cherokee"). Immediately thereafter, Cherokee filed a third party complaint against Third-Party Defendants, Dynegy Marketing and Trade and Dynegy, Inc., (hereinafter jointly "Dynegy"), claiming damages in part to cover any ". . . claims made by third-party purchasers from Cherokee . . . ." The original suit filed by Nelson was to recover from Cherokee damages resulting from Nelson being overcharged for natural gas. Nelson alleged in its complaint that Cherokee overcharged for natural gas utilized in the manufacturing process of goods sold to Nelson. The contract between Nelson and Cherokee is alleged to base the price of the product sold by Cherokee to Nelson in part on the cost to Cherokee of the natural gas utilized in the manufacturing process.

Cherokee's third party complaint alleges various state claims such as fraud and breach of agreement in the recovery of damages against Dynegy for conduct associated with an alleged scheme of fraudulent gas pricing.

Dynegy, on the 5th day of May 2003, removed the action to this court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1441(a) and 1446. See Notice of Removal [Doc. # 1].

It is undisputed that both Dynegy, Inc., and Dynegy Marketing and Trade are not citizens of Alabama. There is a dispute however as to the citizenship for diversity purposes of both Nelson and Cherokee. Nelson alleges in its Motion to Remand [Doc. # 15 at page 1] that its principal place of business is in the State of Alabama. Cherokee alleges in its Motion to Remand [Doc. # 16] that its principal place of business is in the State of Alabama. In its Notice of Removal, Dynegy represented that Cherokee was a citizen of Oklahoma and that Nelson was a citizen of Delaware and West Virginia. Dynegy, as a part of its Motion to Stay and/or Sever, seeks an opportunity to conduct discovery on the issue of Nelson's and Cherokee's citizenship.

None of the parties dispute the fact that the jurisdictional amount of $75,000 is met and this court's review of the pleadings confirms that position.

III. Discussion.

The federal courts are courts of limited jurisdiction. "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). This court cannot consider the Motion to Dismiss filed by Dynegy unless it has jurisdiction. Succinctly stated, "[w]ithout jurisdiction the court cannot proceed at all in any cause." *Ex Parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869).

This court must therefore rule on the motions to remand, thus determining if it has jurisdiction, prior to addressing the Motion to Dismiss.

Because Dynegy removed this action, it has the burden of establishing the propriety of subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Dynegy contends that its removal of this case was proper pursuant to 28 U.S.C. § 1441(a).

Dynegy points this court to the case of *Carl Heck Engineers, Inc. v. Lafourche Parish Police Jury*, 622 F.2d 133 (5th Cir. 1980) for the proposition that a third-party defendant who is diverse in citizenship from the third-party plaintiff can remove a case to federal court based on 28 U.S.C. § 1441(a).  Notice of Removal [Doc. # 1 at page 3].  The Eleventh Circuit adopted the decisions of the Fifth Circuit made prior to October 1, 1981, such as *Carl Heck*, as precedent when the Eleventh Circuit was created.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981). A close reading of *Carl Heck*, however, reveals that it was based on the application of 28 U.S.C. § 1441(c), not § 1441(a).  In *Hayduk v. United Parcel Service, Inc.*, the court cites *Carl Heck* as binding authority for district courts in the Eleventh Circuit, but goes on to say that *Carl Heck* ". . . dealt exclusively with the right of third-party defendants to remove pursuant to § 1441(c), and at no point questioned the otherwise universal acceptance that

§ 1441(a) is restricted merely to the original defendant or defendants as joined by the plaintiff." *Hayduk v. United Parcel Service, Inc.*, 930 F. Supp. 584, 590 (S.D. Fla. 1996). *Hayduk* goes further, finding ". . . no reason to disagree with the multitude of courts that have previously determined that § 1441(a) is not a proper removal provision for a third party defendant." *Hayduk*, 930 F. Supp. at 590.

In response to Nelson's and Cherokee's motions, Dynegy points to the failure by Nelson and Cherokee to address the cases of *National Fishing Tools, Inc. v. Galaxy Wireline, Inc.*, NO. CIV. A. 89-3811, 1989 WL 132802 (E.D. La. Oct. 31, 1989) and *Peturis v. Fendley*, 496 F. Supp. 203 (S.D. Ala. 1980).

In *National Fishing Tools*, TXPO, the third-party defendant, argued that the case was removable under both 28 U.S.C. § 1441(a) and § 1441(c). *Fishing Tools*, 1989 WL 132802 at *1. The court did not consider § 1441(c) finding instead that the entire case was removable under § 1441(a). *Fishing Tools* at *1. The court concluded that "[i]n order to fall within § 1441(a), TXPO must demonstrate that 1) TXPO is a defendant for purposes of § 1441(a), and 2) both the primary and third-party actions are civil actions over which federal district courts have original jurisdiction." *Fishing Tools*, at *2. While this decision does support Dynegy's argument that it should be considered a defendant for removal purposes, it adds a requirement that a third-party defendant

removing a case pursuant to § 1441(a) must meet - that the initial complaint was within the original jurisdiction of the federal district court. This conclusion was also reached in *Florida Dept. of Ins. ex rel. Western Star Ins. Co., Ltd. v. Chase Bank of Texas Nat. Ass'n*, 243 F. Supp. 2d 1293 (N.D. Fla. 2002) where a motion to remand was granted because § 1441(a) required the entire case to be removable and § 1441(c) was limited to federal question jurisdiction.

All circuits but the Fifth and Eleventh have held that with a limited exception[1], that ". . . third-party defendants brought into . . . state action[s] by the original defendant [cannot] exercise the right of removal to the federal court . . . ." 14C *Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure* § 3731 (3d ed. 1998). There is, however, at least one decision in the Eleventh Circuit that follows the opinion of the majority of the circuits. *See, e.g., Moss Land and Mineral Corp. v. Fidelity and Casualty Company of New York*, NO. CIV. A. 03-AR-845-J, 2003 WL 21360803 (N.D. Ala. June 6, 2003). While this court, like the *Moss* court, questions the viability of a third-party defendant in Dynegy's circumstances attempting to remove a case at all, due to Fifth and Eleventh Circuit precedent that some third-party defendants may remove, the analysis will continue.

---

[1] "An exception to this rule is contained in Section 1441(d), which allows for removal by a third-party foreign state and state owned entities . . . ." 14C *Fed. Prac. & Proc. Juris.* 3d § 3731.

In order for the original complaint to be within the original jurisdiction of the federal court, Dynegy must show either federal question jurisdiction or complete diversity of citizenship. There has not been anything alleged or submitted that would be supportive of federal question jurisdiction. In order to show complete diversity of citizenship, Dynegy must show that Cherokee and Nelson are citizens of different states. "For purposes of diversity jurisdiction, a corporation is 'a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.' 28 U.S.C. § 1332(c)(1) (1994). A corporation's principal place of business is determined by looking at the 'total activities' of the corporation." *Bel-Bel International Corp. v. Community Bank of Homestead*, 162 F.3d 1101, 1106 (11th Cir. 1998).

Dynegy seeks by motion to obtain discovery on the issue of the citizenship of Nelson and Cherokee. See Motion to Stay and/or Sever filed by Dynegy, Inc., [Doc. # 21]. The affidavits submitted by Nelson and Cherokee clearly demonstrate that substantially all the activities of Nelson and Cherokee occur within the State of Alabama. If this were not correct, this court is confident Dynegy would have submitted an affidavit or some evidence pointing to activities outside the State of Alabama. Dynegy has had more than three months to discover such activity and submit evidence of it. This court declines to allow the requested discovery. When the "total activities" test is applied to Nelson and Cherokee, they are

both citizens of the State of Alabama for purposes of diversity. Without complete diversity of citizenship between Nelson and Cherokee and without a federal question, the original complaint was not within the original jurisdiction of the federal court.

In *Peturis v. Fendley*, a third-party defendant removed the case to the federal district court. The court found that the third-party complaint was ". . . clearly separate and independent[,]" and as such removable pursuant to 28 U.S.C. § 1441(c). 496 F. Supp. at 205. *Peturis* derives much of its reasoning from the case of *Central of Georgia RY. v. Riegel Textile Corp.*, 426 F.2d 935, (5th Cir. 1970). In *Riegel Textile*, the court sustained the removal of a third-party complaint, but only after it had first been severed for separate trial by the state court. The court expended great effort to detail how treating the defendant in that case as a defendant for removal purposes did not offend the policy described in Moore's Federal Practice dealing with third-party defendants.

> Moore argues for policy reasons that a third party defendant is outside §1441(c) discussed above. His concern is that the filing of a third party action should not be allowed to defeat the plaintiff's choice of forum. 1A Moore, *supra*, at 1050 n. 12, quoting *Brown v. Hecht Co.*, 78 F.Supp. 540, 544, 545 (D.Md. 1947). His argument that removal in such situations 'is too much akin to the tail wagging the dog,' 1A Moore, *supra*, at 1052, has no application where by judicial surgery tail and dog have been separated. Where removal would not have the effect of defeating plaintiff's choice of

> forum, the federal courts should recognize that a party in Riegel's position is as much a 'defendant' as if an original action had been brought against him. This is fully in accord with the policy behind the removal statute of providing a federal forum to an out-of-stater sued in state court.

*Riegel Textile*, 426 F.2d at 938.

*Peturis v. Fendley* stands for the proposition that when a third-party complaint sets out a claim that is "clearly separate and independent" it can potentially be removed by the third-party defendant pursuant to 28 U.S.C. § 1441(c). The third-party complaint made by Cherokee against Dynegy is not "clearly separate and independent" from the complaint filed by Nelson against Cherokee. The wrong alleged by Nelson is the overcharging of gas prices by Cherokee. Cherokee's third-party complaint against Dynegy is based on Cherokee being overcharged for the same gas, and the damages, in part, stem from Cherokee passing the alleged overcharges on to its customers, including Nelson. Not only is the third-party complaint "not clearly separate and independent" but instead is arguably inseparable. The damages of Cherokee are in someways dependent upon the liability of Cherokee to Nelson for the same conduct.

Even though Dynegy has disavowed reliance upon § 1441(c), if Dynegy wanted to argue the application of § 1441(c), as in the cases cited by Dynegy, that section was amended in 1990 to clearly limit the application of § 1441(c) to cases involving federal

question, not diversity jurisdiction. § 1441(c) now reads as follows:

> Whenever a separate and independent claim or cause of action . . . conferred by § 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

The commentary accompanying § 1441 is also clear on the application of the section to removals. "Whatever the reason for the 1990 amendment, the diversity case may no longer invoke removal under subdivision (c); only the federal question claim - a claim arising under federal law - will support a subdivision (c) removal." Siegel, David, *Commentary on 1988 and 1990 Revisions of Section 1441*, 28 U.S.C.A. § 1441, page 10.

Dynegy, apparently in an attempt to force the facts of this case into a commingled reading of some of the cases it cites, seeks by motion to have this court sever the third-party complaint and remand the remainder of the case to state court. See Dynegy's Motion to Stay And/Or Sever [Doc. # 21]. If this court lacks jurisdiction, it ". . . cannot proceed at all . . . ." *McCardle*, 74 U.S. at 514. This court lacks jurisdiction and therefore cannot change the case in an effort to create jurisdiction. Even if this court has jurisdiction to consider the motion to sever, for the same reasons the third-party complaint is not a "separate and

independent claim" as well as for the sake of judicial economy, the third-party complaint should not be severed from the original case.

As a final argument, Dynegy asserts that the third-party complaint should be severed because Nelson and Cherokee "worked together." See Dynegy's Brief in Opposition to Motions to Remand [Doc. # 22]. Dynegy insinuates fraudulent joinder because of the near simultaneous filings of the complaint and third-party complaint. As previously stated, Dynegy has the burden of demonstrating this court's jurisdiction. To the extent it intended to assert a claim of fraudulent joinder in support of its removal of this case, it failed to meet its burden. Even if the parties jointly filed the complaint, answer, and third-party complaint, this court doesn't conclude that such conduct constituted fraudulent joinder. Clearly Nelson asserts a claim for damages against Cherokee and Cherokee asserts a claim for damages against Dynegy. They are represented by separate attorneys who by signing the pleadings made the certification ". . . that the attorney has read the pleading . . . that to the best of the attorney's knowledge, information, and belief there is good ground to support it. . . ." *Fed. R. Civ. P.* 11. If Dynegy believes the conduct of the attorneys was improper there are remedies available in state court.

IV. Conclusion.

In sum, the Motion to Stay filed by Cherokee Nitrogen [Doc. # 17] is moot; the Motion to Stay and/or Sever filed by Dynegy, Inc., [Doc. # 21] is denied; and the Motion to Strike filed by Dynegy, Inc., [Doc. # 29] is denied. This court is of the opinion that it does not have jurisdiction and therefore the Motion to Dismiss filed by Dynegy, Inc., [Doc. # 5] will remain pending for determination by the appropriate state court judge. The motions to remand will be granted and this cause will be remanded to the Circuit Court of Colbert County, whence it was improvidently removed. A separate order will be entered.

Done, this 11 day of September, 2003.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE